**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                       CASE NO: 3:11-cr-71-J-32JRK

BRIAN RUSSELL POLLOCK

### O R D E R

This protracted case has so far revolved around Defendant's serious medical and psychological issues. Now, Defendant has filed a Motion for Abatement of Trial (Doc. 194), to which the government responded (Doc. 195). The assigned United States Magistrate Judge issued a detailed Report and Recommendation on the motion, recommending Defendant's motion for abatement be denied without prejudice and Defendant be committed for treatment to restore his competency. (Doc. 314). Defendant objected to the Report and Recommendation (Doc. 330), and the government responded (Doc. 331).

Where a party objects to a magistrate judge's determination on a nondispositive order, the district court must "set aside any part of the order that is contrary to law or clearly erroneous".[1] Fed. R. Crim. P. 59(a); see, e.g., United States

---

[1] Although the Magistrate Judge had the authority to rule on the motion for abatement, he nevertheless included the ruling in a Report and Recommendation, rather than in an Order. The Court construes the Magistrate Judge's recommendation in the Report as an order resolving the motion for abatement. See Palma v. Florida Neurological Ctr., LLC, No. 5:10-CV-117-OC-34TBS, 2011 WL 6153423, at *1-2 (M.D. Fla. Dec. 12, 2011) (construing a Magistrate Judge's recommendation on a non-dispositive motion as an order under FED. R. CIV. P. 72(a)).

v. Wilson, No. CRIM.A. 12-00293-KD, 2013 WL 820726, at *1 (S.D. Ala. Mar. 5, 2013); United States v. Campbell, No. 1:11-CR-00460-AT, 2012 WL 2373037, at *2 (N.D. Ga. June 22, 2012). The Magistrate Judge's credibility determinations and fact-finding are only "clearly erroneous" if, despite evidence to support his determinations, this Court is left with the definite and firm conviction that a mistake was made. Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

The Magistrate Judge has extensive experience with this case. He has conducted 29 hearings of various type with the Defendant, reviewed hundreds of pages of medical and psychological reports, and heard testimony from health care providers, as well as from the Defendant. The Magistrate Judge has fully appreciated the complexity and difficulty of the medical and psychological issues and has given Defendant every opportunity to be heard. On October 1, 2013, he held an all-day evidentiary hearing regarding the government's motion to determine Defendant's mental competency. (Doc. 225). On October 4, 2013, that hearing continued with further argument on the issue. (Doc. 228). On February 6, 2014, the Magistrate Judge held an evidentiary hearing on Defendant's competency to stand trial and his motion for abatement of trial. (Doc. 264). That evidentiary hearing continued all day on February 7, 2014 (Doc. 266), and then continued again on March 10, 2014 (Doc. 274) and March 13, 2014 (Doc. 278). The Magistrate Judge heard further argument regarding the motion on July 18, 2014 (Doc. 307), before issuing his comprehensive and well-reasoned Report and Recommendation.

Upon independent review of the record, the Court accepts the Magistrate Judge's credibility determinations. Moreover, the Court agrees with the Magistrate Judge, and therefore finds that the Magistrate Judge's Report and Recommendation was neither clearly erroneous nor contrary to law.

Accordingly, it is hereby

**ORDERED:**

1. The Report and Recommendation of the Magistrate Judge (Doc. 314) is **ADOPTED** as the opinion of the Court.

2. Defendant's Motion for Abatement of Trial (Doc. 194) is **DENIED without prejudice**.

3. Pursuant to 18 U.S.C. § 4241(d) and § 4247(b), Defendant shall be committed for treatment and a psychiatric or psychological examination by a designated licensed or certified psychiatrist or psychologist for a reasonable period, but not to exceed four months, to the custody of the Attorney General, or his duly authorized representative(s), for placement in a suitable facility of the Bureau of Prisons. **This treatment shall be conducted in the suitable facility closest to this Court, that is, the Federal Medical Center (FMC) located in Butner, North Carolina.**

The director of the facility shall designate one or more such psychiatrists or psychologists for such treatment and examination. The director of the facility may apply to this Court for an additional reasonable period of time until either: (1) Defendant's mental condition is so improved that trial may proceed, if the Court finds

that there is a substantial probability that within such additional time Defendant will attain the capacity to permit the trial to proceed; or (2) the pending charges against Defendant are disposed of according to law.

Given the serious medical condition of Defendant, status reports shall be submitted to the following individuals every **thirty (30) days:**

Timothy J. Corrigan, United States District Judge, 300 N. Hogan Street, Suite 11-100, Jacksonville Florida, 32202;

James R. Klindt, United States Magistrate Judge, 300 N. Hogan Street, Suite 5-111, Jacksonville, Florida 32202;

D. Rodney Brown, Assistant United States Attorney, 300 N. Hogan Street, Suite 700, Jacksonville, Florida 32202;

Vanessa Zamora Newtson, Esquire, and Mark Rosenblum, Esquire, Suite 601, 1300 Riverplace Blvd., Jacksonville, Florida 32207; and

Thomas M. Bell, Esquire, 515 Newnan St., Jacksonville, Florida 32202.

Additionally, upon the conclusion of Defendant's stay at the facility, and pursuant to 18 U.S.C. § 4247(c), a psychiatric or psychological report shall be prepared by the examiner designated to conduct the psychiatric or psychological treatment and/or examination. This report shall be filed with the Court and furnished to the above individuals, and shall include the following:

(1)   Defendant's history and present symptoms;

(2)   a description of the psychiatric, psychological, and medical tests that were employed and their results;

4

(3) the examiner's findings;

(4) the examiner's opinions as to diagnosis and prognosis;

(5) whether Defendant suffers from a mental disease or defect rendering Defendant mentally incompetent to the extent that Defendant is unable to understand the nature and consequences of the proceedings against Defendant or to assist properly in his defense; and

(6) if Defendant continues to be found incompetent, determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the trial to proceed.

Defendant shall **self-report** to **FMC Butner** no later than **January 5, 2015 at 12:00 p.m. (noon).** Defendant shall ensure that he brings with him an accurate list of all his current medications, and he shall ensure that a family member has the medications available in the event that FMC Butner does not immediately have one or more of the medications and determines it is appropriate to continue them. If Defendant has any specific concerns relating to his medication regime and/or procedures, testing, or imaging to be used during the hospitalization, his counsel shall communicate those concerns to the Government, which shall in turn make them known to the appropriate staff at FMC Butner. Defendant is to remain at liberty under the conditions of this Court's Order Setting Conditions of Release (Doc. 81), as modified, until his report date. The Court will actively monitor the status of this matter through the periodic status reports.

5

**DONE AND ORDERED** in Jacksonville, Florida this 6th day of November, 2014.

TIMOTHY J. CORRIGAN
United States District Judge

w.
Copies:

Honorable James R. Klindt
United States Magistrate Judge

David Rodney Brown, AUSA
Mark Rosenblum, Esquire
Thomas Bell, Esquire
Defendant
U.S. Marshals Service
U.S. Pretrial Services